UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA AMERSON,

       Plaintiff,

v.

TOWNSHIP OF WATERFORD; WILLIAM HIMMELSPACH; M. STECHLY; B. MAHONEY, G. ALLEN; S. SAWYER; R. WALLACE; B. ILLINGWORTH and CSI ASBRIDGE;

       Defendants.

Case No. 12-10375
Honorable Julian Abele Cook, Jr.

## ORDER

On January 27, 2012, Joshua Amerson brought this action against the Township of Waterford, Michigan and several officers within its Department of Police. In making his case against the Defendants, he asserts that they collectively violated his basic rights under the Fourth Amendment of the United States Constitution. Currently before the Court are the Defendants' motions for the entries of a judgment on the pleadings, as authorized by Federal Rule of Civil Procedure 12(c).

I.

In his complaint, Amerson asserts that, during the late afternoon hours of January 30, 2009, he sustained a variety of severe head and bodily injuries as the result of an unlawful arrest by the individually-identified law enforcement officers. Pointing to these unwarranted injuries, Amerson initiated this federal court action, claiming that the Township of Waterford - in failing to properly

train the members of its law enforcement department - is also responsible for the injuries that were inflicted upon him in January 2009 by its officers.

II.

According to Rule 12(c) of the Federal Rules of Civil Procedure, any party may move for the entry of a judgment after the pleadings are closed. If and when the moving party is entitled to a judgment as a matter of law, the court is authorized to grant a motion for judgment on the pleadings. *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC,* 594 F.3d 441, 444 (6th Cir. 2010). Courts are authorized to apply the same analysis to motions for a judgment on the pleadings under Rule 12(c) as are applied to applications for dismissal under Fed. R. Civ. P. 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, a court need not accept as true legal conclusions or unwarranted factual inferences. *Id*.

In order to withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (internal citation omitted). A "legal conclusion couched as a factual

allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When evaluating a motion for a judgment on the pleadings, a court may consider the pleadings, which consist of the complaint, the answer, and any written instrument attached as exhibits. Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a) (defining "pleadings" to include the complaint and the answer).

### III.

The Defendants submit that (1) Amerson's claims of gross negligence fail to advance an actionable claim as a matter of law, and (2) his allegations of municipal liability do not satisfy the requisite federal pleading standards. Furthermore, they assert that all of Amerson's contentions are time-barred. The Court will address these arguments in turn.

### A.

The law in Michigan provides immunity to governmental employees from tort liability for those injuries that are caused by them during the course of their employment if their conduct "does not amount to gross negligence that is the proximate cause of the injury or damage." Mich. Comp. Laws § 691.1407(2)(c). Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(2); *See also*, *Tarlea v. Crabtree*, 263 Mich. App. 80, 82 (2004). No liability attaches unless the defendants' actions were the proximate cause of the plaintiff's injury. *Id*.

In his complaint, Amerson alleges claims of gross negligence against the individual officers. However, the law in Michigan does not allow intentional acts - even when couched in terms of a breach of duty - to be the basis of a claim for gross negligence. *Miller v. Sanilac County*,

3

606 F.3d 240 (6th Cir. 2010); *Van Vorous v. Burmeister*, 262 Mich. App. 467, 483 (2004) ("[T]his Court has rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence."). If a gross negligence claim is premised on the same facts as an intentional tort claim, it should be dismissed if the allegation of intentional conduct is merely "duplicative of, and subsumed by," the intentional tort claim. *Ranshaw v. City of Lansing*, No. 1:09-CV-500, 2009 WL 4352372 at *3 (W.D.Mich. Nov. 30, 2009) (unpublished). *See also Livermore v. Lubelan*, 476 F.3d 397, 407 (6th Cir. 2007) (plaintiff's gross negligence claim failed because it was "predicated on intentional - rather than negligent - conduct); *Davis v. City of Detroit*, No. 05-72669, 2006 WL 2990511 at *7 (E.D. Mich. Oct. 19, 2006) (plaintiff "may not simultaneously assert that [defendant's] actions were intentional for purposes of his federal claims . . . but then also claim that [defendant] acted with gross negligence."). Amerson's claims are based on his argument that the officers' actions were intentional and constituted acts of excessive force. Amerson is not entitled to simultaneously assert that the Defendants' collective conduct was intentional, and, at the same time, contend that the Defendants acted with gross negligence.

Amerson insists that his gross negligence claim is only directed at the officers who "stood around, watched and did nothing to help [him]," rather than to those individual officers who "actively participated in [the infliction of his injuries] . . . ." (Pl.'s Resp. to Defs.' Mot. to Dismiss 3). However, this assertion does not change the outcome. His gross negligence claim, asserted in terms of a breach of duty, is based upon claims of intentional acts of excessive force. The facts which form the basis of the gross negligence accusation are the same as those alleged in the § 1983 excessive force and *Monell* liability claims. *See also Denard v. City of Highland Park*, No. 10-14023, 2011 WL 4374534 (E.D. Mich. Sept. 20, 2011) (dismissing gross negligence claim based

4

on defendant's failure to intervene when plaintiff also pursued intentional torts).

Accordingly, the Court will grant the Defendants' motion for a judgment on the pleadings which pertain to this claim.

B.

The Defendants also submit that Amerson's municipal liability claim against the Waterford Township fails to satisfy the pleading standards that are required to survive a motion to dismiss. Municipal governments and their agencies are liable under § 1983 with the limitation that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

In Amerson's complaint, he alleges that the Township failed to (1) adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights; (2i) adequately train and/or supervise its officers regarding reasonable seizures; (3) adequately train and/or supervise its police officers regarding proper use of force; (4) supervise, review, and/or discipline police officers who it knew or should have known were violating or were prone to violate citizens' constitutional rights; and/or (5) adequately train/or supervisor officers regarding policies and procedures for effectuating lawful arrests and using reasonable force. (Compl. ¶ 39.) In addition, these movants maintain assert that Amersons' allegations do not satisfy the standards of *Twombly*. However, although the complaint lacks detail, it is minimally sufficient to meet the pleading requirements of the Federal Rules. "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Amerson's complaint has stated enough to "raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In summary, Amerson's allegations are sufficient to withstand the Defendants' dispositive motion regarding this issue.

C.

The Defendants submit that Amerson's claims of (1) excessive force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 and (2) municipal liability as to the Township of Waterford are time barred. Congress did not provide a specific statute of limitations for an action brought under 42 U.S.C. § 1983. To determine the length of the period of limitations, "federal law looks to the law of the State in which the cause of action arose." *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

In support of their dispositive motion, the Defendants argue that the Court should look to Mich. Comp. Laws § 600.5805(7) which provides that: "the period of limitations is 2 years for an action against a sheriff charging misconduct or neglect of office by the sheriff or the sheriff's deputies." They assert that this statute should serve as the statute of limitations rather than the general three-year limitations statute which pertains to personal injury actions where, as here, the action involves issues against law enforcement officers.

However, it is well-established that the deadline for filing claims in Michigan based on 42 U.S.C. § 1983 is three years. Since Congress did not specifically adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of*

6

*Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). The Sixth Circuit has repeatedly held that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws § 600.5805(10); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). The Amerson claims are premised on events that allegedly occurred on January 30, 2009. Amerson filed this action on January 27, 2012 - within the three year statute of limitations provided by § 600.5805(10). Hence, the Defendants' motion - as it applies to this statute of limitations issue - must be denied.

IV.

For the reasons that have been stated above, the Defendants' motion for the entry of a judgment on the pleadings is granted in part and denied in part. (ECF 16).

IT IS SO ORDERED.

Date: November 28, 2012                                     s/Julian Abele Cook, Jr.
                                                            JULIAN ABELE COOK, JR.
                                                            U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 28, 2012.

                                                            s/ Kay Doaks
                                                            Case Manager