UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSHUA AMERSON,

        Plaintiff,

    v.

                                   Case No. 12-10375

TOWNSHIP OF WATERFORD; WILLIAM    Honorable Julian Abele Cook, Jr.
HIMMELSPACH; M. STECHLY; B. MAHONEY, G.
ALLEN; S. SAWYER; R. WALLACE; B.
ILLINGWORTH and CSI ASBRIDGE;

        Defendants.


<u>ORDER</u>

On January 27, 2012, Joshua Amerson brought this action against the Township of Waterford, Michigan and several officers within its Department of Police. In making his case against the Defendants, he asserts that they collectively violated his basic rights under the Fourth Amendment of the United States Constitution. Currently before the Court is the Defendants' motion for the entry of a summary judgment, as authorized by Federal Rule of Civil Procedure 56.

I.

In his complaint, Amerson asserts that, during the late afternoon hours of January 30, 2009, he sustained a variety of severe head and bodily injuries following his arrest by the individually-identified law enforcement officers. During his deposition, Amerson testified that after being handcuffed, the arresting officer hit and kicked him. He stated that the same officer then drove him to the police station. Pointing to these unwarranted injuries, Amerson initiated this federal court

1

action, claiming that the Township of Waterford - in failing to properly train the members of its law enforcement department - is also responsible for the injuries that were inflicted upon him in January 2009 by its officers.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record

2

that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support [his] claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## III.

In their motion for summary judgment, the Defendants collectively submit that (1) Amerson's allegations of municipal liability are not supported by any evidence; and  (2) the Defendants, Mahoney and Stechly, are entitled to a summary judgment. The Court will address these arguments in turn.

## A.

Municipal governments and their agencies are liable under § 1983 with the limitation that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). Amerson alleges that Waterford Township failed to supervise and properly train its officers. In order to succeed under this theory, a plaintiff must establish (1) a training or supervision program that was inadequate

under the circumstances; (2) the municipality's deliberate indifference; and (3) a causal link between the municipality's failure to train or supervise and the alleged constitutional violation. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006); see also *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff may establish deliberate indifference by demonstrating a municipality's failure to train or supervise in light of the foreseeable consequences of that failure or by demonstrating that the municipality failed to respond to previous complaints of constitutional violations. *Brown v. Shaner*, 172 F.3d 927, 931 (6th Cir.1999); see also *City of Canton*, 489 U.S. at 390, (noting that deliberate indifference may be demonstrated where, "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need"); *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005) (requiring aggrieved party to demonstrate "prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury")

In support of his *Monell* claim, Amerson has pointed to the irregularity and the inadequacy of law enforcement officers' performance reviews. One of the Defendants, M. Stechly, asserted that he had not received a performance review since the completion of his field training. Similarly, Stechly's fellow officers, G. Allen and R. Wallace stated during their depositions that neither of them could remember the last time when they last received a performance review. Allen and Stechly also acknowledged that they had not received any training on the use of force since their field training experiences.

4

Even if the Court accepted this evidence as being sufficient to supplement the inadequate training argument, Amerson has not presented any other competent evidence with regard to the remaining elements of his failure to train or supervise claim, namely, the municipality's deliberate indifference and a causal connection between the municipality's failure to train or supervise and the alleged constitutional violation. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). In fact, Amerson has not presented any evidence that Waterford Township was deliberately indifferent to the need for training. Furthermore, Amerson has failed to proffer any causal connection between the alleged failure by Waterford Township to train or supervise and the allegations at hand. Therefore, Waterford Township is entitled to the entry of a summary judgment on this claim.

### B.

Next, the Defendants, B. Mahoney and M..Stechly, assert that they are entitled to the entry of a summary judgment. To bring a claim under 42 U.S.C. § 1983, the facts must be set forth and "establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010) (internal citation omitted). These two Defendants acknowledge that at the time of the incident, they were law enforcement officers who were acting under color of state law at the time of the incident under scrutiny.

"[T]he right to be free from excessive force is a clearly established Fourth Amendment right." *Binay v. Bettendorf*, 601 F.3d 640, 652 (6th Cir. 2010) (internal quotation marks and citation omitted). To hold an individual law enforcement officer liable for the use of excessive force, a plaintiff must show that the alleged offending officer "(1) actively participated in the use of

5

excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force." *Binay*, 601 F.3d at 650. "As a general rule, mere presence at the scene of [the alleged constitutional violation], without a showing of direct responsibility for the action, will not subject an officer to liability." *Id*. Additionally, "[e]ach [D]efendant's liability must be assessed individually based on his own actions." *Id*.

Amerson argues that these officers had duties to intervene and protect him from the use of excessive force by their fellow law enforcement officers. *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982). The *Bruner* plaintiff was hit numerous times with a flashlight, struck, kicked, and dragged down an alley by the officers, while other officers did nothing to stop the assault. *Id* at 424. The court in *Bruner* held that police-onlookers could be held liable because "it is not necessary, in order to hold a police officer liable under § 1983, to demonstrate that the officer actively participated in striking a plaintiff." *Id*. at 426.

"Generally speaking, a police officer who fails to act to prevent the use of excessive force may be held liable when (1) the officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring." *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). Amerson has not introduced any evidence which suggests that Stechly or Mahoney observed the employment of excessive force or had reason to know it was being used. Still further, Amerson has not demonstrated that any of the individual Defendants had the opportunity and the means to prevent the alleged harm from occurring.

Amerson testified during his deposition that he was hit and kicked by an officer after being handcuffed. Amerson stated that the alleged use of force happened very quickly. Stechly testified

6

at his deposition that he did not hit or kick Amerson. Stechly further stated that he did not see any other officer hit or kick Amerson.

A review of the evidence clearly indicates that Amerson has not established that Stechly or Mahoney observed the alleged mistreatment and could have prevented the harm from occurring. Amerson has not established that Stechly or Mahoney were involved in the alleged constitutional violations. Therefore, these Defendants are entitled to summary judgment on this claim

IV.

For the reasons that have been stated above, the Defendants' motion for the entry of a summary judgment is granted. (ECF 46).


IT IS SO ORDERED.


Date: June 13, 2013                                        s/Julian Abele Cook, Jr.
                                                          JULIAN ABELE COOK, JR.
                                                          U.S. District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 13, 2013.

                                                          s/ Kay Doaks
                                                          Case Manager