UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA AMERSON,

        Plaintiff,

v.

M. STECHLY,

        Defendant.

_____/

Case No. 12-10375

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**ORDER GRANTING IN PART PLAINTIFF'S AMENDED MOTION IN LIMINE TO EXCLUDE VARIOUS EVIDENCE [87]**

On February 23, 2015, Plaintiff filed a Motion in Limine to Exclude Various Evidence [72]. Defendant filed a Response [76] on March 9, 2015. Due to repeated adjournment of trial, the Court issued an Order [82] staying and administratively closing the motion on September 17, 2015. On October 16, 2015, Plaintiff filed an Amended Motion in Limine to Exclude Certain Evidence [87]. Because the Amended Motion [87] includes all arguments raised in the original Motion [72], the Court finds it unnecessary to reopen the latter. However, Defendant's response brief was filed before the amended motion, and thus does not address various evidence challenged for the first time in the amended motion. The

Court will postpone ruling on the admissibility of the newly challenged evidence. *See United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983) (acknowledging that a pretrial ruling on a motion in limine is essentially an advisory ruling that may be changed at trial, and that the court has discretion to decline to render such a ruling).

## I.     Lack of education and employment

Plaintiff seeks to exclude evidence that he has received no education since he completed the ninth grade, as well as evidence that he has been unemployed since the age of twelve. Defendant argues that this evidence may be relevant to show that Plaintiff's alleged embarrassment, humiliation, and/or mortification arising from Defendant's conduct actually arose, at least in part, from his lack of education and employment. Any slim probative value this evidence might have is substantially outweighed by the risk of unfair prejudice. The evidence is excluded.

## II.    Drug use

Plaintiff seeks to exclude evidence of his use of marijuana and/or other drugs. Defendant argues that this evidence is probative of Plaintiff's "state of mind" and his ability to accurately recall the incident. He cites no binding authority for support. The Court agrees that evidence of Plaintiff's drug use immediately before the incident or on the day of Plaintiff's testimony would have

significant probative value concerning his ability to accurately recall the incident. Otherwise, evidence of Plaintiff's drug use has no probative value, or so little that it is substantially outweighed by the risk of unfair prejudice. Evidence of Plaintiff's drug use is therefore excluded, with the exception of evidence that Plaintiff used drugs immediately before the incident or on the day of his testimony.

### III. Incarcerations

Plaintiff seeks to exclude evidence of his periods of incarceration. Defendant argues that the evidence is admissible to show that Plaintiff's alleged damages from the Defendant's alleged use of force—including but not limited to physical pain, shock, embarrassment, and loss of enjoyment—were caused by his incarceration rather than by Defendant. The evidence is inadmissible because its probative value is substantially outweighed by the risk of unfair prejudice.

### IV. Physical fights

Plaintiff seeks to exclude evidence of his prior involvement in physical fights. Defendant argues that if Plaintiff was struck on the head during a fight, evidenced of that blow is relevant to the issue of whether Plaintiff's alleged seizures were caused by Defendant kicking Plaintiff's head. Evidence of (other) incidents of trauma to Plaintiff's head is relevant to the causation issue. This includes evidence of blows to the head, even if sustained in a fight. However, the

probative value of evidence of the *context* of a blow to the head (e.g., that it was sustained during a fight) is likely to be substantially outweighed by the risk of unfair prejudice. Evidence that Plaintiff was struck in the head is therefore admissible, but the Court will exclude evidence that Plaintiff was struck in the head because he was involved in a fight, as well as evidence concerning the cause or nature of such a fight.

## V. Criminal convictions

### A. 2008 attempted breaking and entering with intent

Plaintiff seeks to exclude evidence of his 2008 conviction for attempted breaking and entering a building with intent to commit a felony or larceny therein, in violation of Michigan Compiled Laws § 750.110. Defendant points out that Plaintiff was on probation for this conviction at the time of the alleged excessive force. Defendant argues that the conviction therefore supplied a motive for Plaintiff to resist arrest, making it probative of whether Plaintiff had surrendered or was still resistant at the time of the alleged force. However, there is no such dispute. Defendant conceded at his deposition that Plaintiff was already lying face-down on the ground at the time Defendant arrived at the scene of the arrest. Defendant further conceded that Plaintiff allowed Defendant to handcuff him without any resistance. It is disputed *whether* Defendant proceeded to strike

Plaintiff while he was bound and nonresistant—but not whether Plaintiff was bound and nonresistant when Defendant struck him, if he did. The conviction is not admissible to show motive to resist arrest or behavior consistent with such a motive.

Defendant argues the conviction is admissible for impeachment purposes under Federal Rule of Evidence (FRE) 609(a)(1)(A), which provides that a felony conviction punishable by more than one year of imprisonment is admissible to attack a witness's character for truthfulness so long as it survives the Rule 403 balancing test. However, "crimes of violence or stealth have little bearing on a witness's character for truthfulness." *United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012). Since the attempted breaking and entering conviction is best characterized as a crime of stealth, it has little probative value regarding Plaintiff's character for truthfulness. That probative value is substantially outweighed by the risk of unfair prejudice.

### B. 2011 receiving and concealing a stolen vehicle

Plaintiff also seeks to exclude evidence of his 2011 conviction for receiving and concealing a stolen motor vehicle in violation of Michigan Compiled Laws § 750.5357(7). Defendant argues that Plaintiff's incarceration as a result of this conviction is relevant with regards to Plaintiff's claimed damages for

5

embarrassment, humiliation, and/or mortification. Evidence of the conviction, however, is distinct from the evidence of incarceration, which is addressed elsewhere. Defendant also emphasizes that the conviction is a felony conviction punishable by more than one year of imprisonment, suggesting that Defendant seeks to use the conviction for impeachment purposes under FRE 609(a)(1)(A). However, "[r]eceiving and concealing a stolen motor vehicle is more like a crime of stealth … than a crime of active misrepresentation." *United States v. Jones*, 554 F. App'x 460, 470 (6th Cir. 2014). Accordingly, this conviction has little probative value regarding Plaintiff's character for truthfulness. *Washington*, 702 F.3d at 893. That probative value is substantially outweighed by the risk of unfair prejudice.

### C. 2009 second-degree home invasion

Finally, Plaintiff seeks to exclude evidence of his 2009 conviction for second-degree home invasion (arising from the incident underlying the instant excessive force claim). Defendant argues the conviction is admissible both for impeachment and for substantive purposes. The Court holds the conviction inadmissible for either purpose.

Defendant argues the conviction is admissible for impeachment purposes under FRE 609(a)(1)(A). However, the conviction is better characterized as a

crime of stealth than as a crime involving dishonesty. Accordingly, this conviction has little probative value regarding Plaintiff's character for truthfulness. *Washington*, 702 F.3d at 893; *see also People v. Raynes*, 2011 WL 5248217, at *3 (Mich. Ct. App. Nov. 3, 2011) (unpublished) (applying Michigan Rules of Evidence). That probative value is substantially outweighed by the risk of unfair prejudice. The conviction is therefore not admissible to attack Plaintiff's character for truthfulness.

The question remains whether the conviction is admissible for substantive purposes. Defendant argues that because the conviction resulted from the arrest underlying Plaintiff's excessive force claim, it provides necessary context for evaluating the reasonableness of Defendant's actions. However, the reasonableness of Defendant's actions must be evaluated in light of what he knew at the time—and he could not have known of a conviction that had yet to occur. *Bronzino v. Dunn*, on which Defendant relies, is distinguishable; the Sixth Circuit reasoned that because the arresting officer knew of Plaintiff's *prior* convictions at the time of arrest, the convictions were relevant to the arresting officer's subjective assessment of the threat posed by the plaintiff during the arrest. 558 F. App'x 613, 615 (6th Cir. 2014). Defendant's other authority is an unpublished table decision not binding on this Court. *Green v. Distelhorst*, 116 F.3d 1480, 1997 WL 351298

(6th Cir. 1997) (Table Dec.). Further, *Green* is distinguishable to the extent it found the conviction stemming from the arrest admissible to show motive to resist arrest; as discussed above, such motive is not material here because there is no dispute regarding whether Plaintiff was resisting arrest at the time of the alleged force.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Amended Motion in Limine to Exclude Certain Evidence [87] is **GRANTED IN PART**.

**SO ORDERED**.

Dated: October 22, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge